**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Petitioner,

v.             Case No. 2:11-mc-50665

JAMES WILLER,

   Respondent.

             /

**ORDER GRANTING THE UNITED STATES' MOTION FOR CONTEMPT AND**
**HOLDING RESPONDENT JAMES WILLER IN CONTEMPT, DIRECTING**
**RESPONDENT TO PROVIDE PROOF OF INCOME FOR THE 2008 TAXABLE YEAR,**
**AND DIRECTING THE UNITED STATES TO NOTIFY THE COURT OF**
**RESPONDENT'S COMPLIANCE WITH THIS ORDER**

On October 26, 2011, this court held a hearing for Respondent James Willer to

show cause why he should not be held in contempt of court for failing to abide by the

court's order that he comply with an IRS summons.  At the hearing, Respondent failed

to make a sufficient showing that he was unable to comply, and the court found him in

contempt.  This order establishes the steps Respondent must take to purge his

contempt and avoid the issuance of a bench warrant for his arrest.

On January 21, 2011, the IRS served an administrative summons on

Respondent, directing him to provide testimony and records regarding his federal tax

liabilities for the 2008 taxable year.  When Respondent failed to produce those

materials, the United States, on May 26, 2011, filed a petition in this court to enforce the

IRS summons.  On May 31, 2011, the court ordered Respondent to appear before the

court and show cause why he should not be compelled to comply with the summons.

The court held the show-cause hearing on August 10, 2011; Respondent attended and

gave testimony about the documents he had or could get that would satisfy the summons.  As a result, on August 10, 2011, the court issued an order directing him to appear before an IRS officer to give testimony and produce the summoned records.  Respondent did not do so, and on September 27, 2011, the United States filed a motion asking the court to hold him in contempt.  The court issued a second show-cause order on September 29, 2011, directing Respondent to again appear before the court and show cause why he should not be held in contempt for disobeying the court's August 10, 2011, order.

   At the second show-cause hearing on October 26, 2011, Respondent appeared with what he purported to be all of the documents in his possession that were responsive to the IRS summons.  After conferring with Respondent out of the court's presence for forty-five minutes in an attempt to resolve this matter, counsel for the United States informed the court that Respondent had only provided bank statements showing checks issued to him during January through April 2008 from a business he owned called Willer Enterprises.  Respondent explained that, in April 2008, he and his wife formed another company, Willer Plumbing LLC, from which he received income for the remainder of 2008.  However, Respondent claims to have no documentation of the income he earned from Willer Plumbing LLC during this period.  Consequently, the United States reiterated its position that Respondent has still not complied with the court's order and requested that the court issue a bench warrant for Respondent's arrest until he provides the summoned materials.

   "When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court."  *Elec. Workers Pension Trust Fund of Local Union*

*# 58, IBEW  v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).  While the purpose of criminal contempt is punitive, civil contempt is intended "to coerce the [contemnor] into compliance with the court's order, [or] to compensate the complainant for losses sustained."  *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 448 (1911)). "Incarceration has long been established as an appropriate sanction for civil contempt," so long as it is conditional.  *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (citing *Hicks v. Feiock*, 485 U.S. 624, 632 (1988), *Shillitani v. United States*, 384 U.S. 364, 370 (1966), and *Gompers*, 221 U.S. at 442).  That is, "once the defendant performs the act required by the court, he must be released."  *Id.*

Having been satisfied that the United States provided clear and convincing evidence that Respondent violated the court's August 10, 2011, order, and that Respondent did not make the requisite showing of his inability to comply, the court held Respondent in contempt at the October 26, 2011, hearing.  *See Gary's Elec. Serv. Co.*, 829 F.3d at 379 (outlining that, to justify holding of contempt, movant must produce clear and convincing evidence showing that charged party violated court order, after which burden shifts to contemnor to provide evidence of present inability to comply). Further, the court directed that, in order to purge his contempt, Respondent must provide to the United States by November 2, 2011, either: (1) a completed tax return for the 2008 taxable year; or (2) documentation of all the income he received in 2008, for example 1099 forms from all of his employers as well as records of any other income earned.  The court informed Respondent that his failure to provide this documentation

by the appointed time would result in the issuance of a bench warrant for his arrest, and

he would be incarcerated until he complied with the court's instructions.  Finally, the

court directed the United States to file a notice with the court no later than November 2,

2011, at 4:30 p.m., detailing whether Respondent had satisfactorily produced the

required materials.  Accordingly, for the reasons stated above and on the record at the

October 26, 2011, hearing,

IT IS ORDERED that the United States' "Motion for Contempt" [Dkt. # 5] is

GRANTED.  The court holds Respondent James Willer in CONTEMPT.

IT IS FURTHER ORDERED that, on or before **November 2, 2011, at 12:00**

**p.m.**, Respondent shall provide to the United States proof of his income during the 2008

taxable year in the manner outlined above.  If Respondent does not comply with this

order, the court shall issue a bench warrant for his arrest.

IT IS FURTHER ORDERED that, no later than **November 2, 2011, at 4:30 p.m.**,

the United States shall file with the court a notice indicating whether Respondent has

fulfilled his obligation to produce the required documents.


 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2011


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 28, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-50665.WILLER.ContemptOrder.set.wpd

4